**RADIO SANTA FE, INC., and Radio Santa Fe Leasing Company, Plaintiffs,**

v.

**Alfredo R. SENA, Dolores S. Sena, William Bereman, Ronald Martin Hunts, Radio New Mexico, Inc., and Fiesta Communications Corporation, Defendants.**

Civ. A. No. TY–87–411–CA.

United States District Court,
E.D. Texas,
Tyler Division.

Feb. 23, 1988.

Guy N. Harrison, Longview, Tex., for plaintiffs.

M. Keith Dollahite, Potter, Guinn, Minton, Roberts & Davis, P.C., Tyler, Tex., for defendants.

## ORDER

JUSTICE, Chief Judge.

The above-entitled and numbered action is in this court pursuant to the diversity jurisdiction that 28 U.S.C. § 1332 confers. It arises out of the alleged breach of two contracts, which have as common subjects a radio station and a promissory note.

Under consideration here is an array of defense motions. They attack the court's subject matter jurisdiction over the plaintiff's claims, its personal jurisdiction over most of the defendants,[1] and the venue of this action in the Eastern District of Texas.[2] Because the defendants' motions to transfer venue to the United States District Court for the District of New Mexico are meritorious, they shall be granted. The rest of the motions accordingly shall be denied as moot, without prejudice to the disposition of similar motions in the transferee court.

For the limited purpose of ruling on the defendants' motions, the plaintiffs' allegations are treated as true. However, the court does not pass on the merits of any of the substantive claims or defenses that the parties have advanced. The plaintiffs (here collectively referred to as "Santa Fe") seek the recovery of money represented by a promissory note worth approximately $900,000.00. In 1984, defendant Fiesta Communications Corporation (Fiesta) gave Santa Fe this note for the purchase of radio station KNYN, which is located in the State of New Mexico.[3] Defendants Alfredo Sena and Dolores Sena, who owned eighty percent of Fiesta's stock, personally guaranteed the note.

In 1987, defendant Radio New Mexico, Inc., entered into an agreement with the Senas and others to buy out their controlling interest in Fiesta.[4] According to the complaint, one term of this contract was that Radio New Mexico would assume responsibility for Santa Fe's 1984 promissory note. Defendants Hunts and Bereman, allegedly acting as individual buyers of the Fiesta stock, indemnified the Senas for their guarantees on the note.

A few months after the conclusion of the Senas–Radio New Mexico agreement, Santa Fe declared the 1984 note past due, and accelerated payment of the balance. Santa Fe demanded from all defendants the total sum owed on the note. When no subsequent payment was made, Santa Fe initiated this action.

Both plaintiffs are Texas residents. All of the defendants, however, reside elsewhere. The Senas and Hunts live in New Mexico. Bereman, Radio New Mexico's president, is an Indiana resident who also possesses a dwelling in New Mexico. Fiesta is a New Mexico corporation; Radio New Mexico is an Indiana corporation.

The complaint recites three causes of action, plus a count for the recovery of attorney's fees. One cause of action is for recovery on the 1984 promissory note. The other two substantive causes allege that Radio New Mexico, Bereman, and Hunts

---

1. The defendants' three motions to dismiss are the Motion to Dismiss for Failure to State a Claim against Defendants Bereman, Hunts, and Radio New Mexico, Inc.; the Motion to Dismiss for Lack of Personal Jurisdiction over Defendants Bereman, Hunts, and Radio New Mexico, Inc.; and the Motion to Dismiss for Lack of Personal Jurisdiction over Defendants Alfredo R. Sena and Dolores S. Sena. They were filed on November 6, 1987. Fiesta Communications was the only defendant not to file a motion to dismiss.

2. All defendants but Fiesta Communications filed their Motions to Transfer Venue on November 6, 1987. Fiesta filed a similar motion on November 12, 1987.

3. Specifically, the 1984 contract transferred Santa Fe's radio equipment and broadcasting license to Fiesta. It is inferred, from the exhibits attached to the First Amended Original Complaint, that this contract effectively gave Fiesta control of the entire KNYN concern.

4. According to the complaint, this agreement is manifested by various papers attached as exhibits to a 1987 FCC Form 315. This form allegedly was filled out and submitted to the Federal Communications Commission, in order to obtain government approval for the transfer of KNYN from Fiesta to Radio New Mexico. As noted below, one of the defendants' principal arguments is that the contents of the FCC documents do not represent the actual final terms of the 1987 Senas–Radio New Mexico agreement.

are contractually liable to the plaintiffs, on the basis of their 1987 agreement with the Senas.

With respect to the court's subject matter jurisdiction over this action, the plaintiffs assert that they are parties to the 1984 contract, and holders of the promissory note that grew out of it. Their relation to the 1987 Senas–Radio New Mexico agreement is considerably more attenuated, because there appears to be no privity of contract between Radio New Mexico and Santa Fe. However, assuming the truth of Santa Fe's allegations, the 1987 agreement's terms call for payments on the promissory note. This arguably may confer on Santa Fe a creditor-beneficiary status and, consequently, standing to sue on the Senas–Radio New Mexico contract. *See e.g., Hamill v. Maryland Casualty Company*, 209 F.2d 338, 340–41 (10th Cir. 1954) (construing New Mexico contract law), and authorities collected therein; *Cumis Insurance Society, Inc. v. Republic National Bank of Dallas*, 480 S.W.2d 762, 766–67 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.); *Quilter v. Wendland*, 387 S.W.2d 440 (Tex.Civ.App.—Houston [1st Dist.] 1965), *aff'd*, 403 S.W.2d 335 (Tex. 1966); *see also Velasquez v. Mascarenas*, 71 N.M. 133, 376 P.2d 311 (1962) (explicating New Mexico constructive trust law); *see generally* 17A C.J.S., *Contracts*, §§ 519(3), 519(4); *cf. B & C Construction Company v. Grain Handling Corporation*, 521 S.W.2d 98, 101 (Tex.Civ.App.—Amarillo 1975, no writ) (comparing creditor beneficiaries to incidential beneficiaries); *Republic National Bank v. National Bankers Life Insurance Company*, 427 S.W.2d 76, 80 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.) (same). Nevertheless, it should be noted in this connection that defendants Radio New Mexico, Bereman, and Hunts flatly deny the accuracy of the plaintiffs' version of the terms of the 1987 Senas–Radio New Mexico agreement. They also argue that, by itself, the FCC Form 315 application, which is the plaintiffs' basis for alleging the existence of the 1987 contract, is insufficient for the purposes of pleading a contractual obligation on Hunts's and Bereman's part.

All of the defendants—except Fiesta—argue that this court has no personal jurisdiction over them. As noted above, none of the defendants are Texas residents. Furthermore, the Senas argue that their agreement to guarantee the 1984 promissory note was executed in New Mexico, and it did not provide for performance in Texas. They also aver that the note was secured by real property and chattels located in the State of New Mexico. *See* Affidavit Alfredo R. Sena in Support of Motion to Dismiss for Lack of Personal Jurisdiction, at 1. Finally, all of the defendants except Fiesta deny that they do business in, or have minimum contacts with, the State of Texas.

A survey of the jurisdictional issues emerging at this inchoate stage of the litigation reveal the practicality of transferring the action to the District of New Mexico. It should be observed, at the outset, that the plaintiffs have placed in issue far more than the default of a simple promissory note. Half of the defendants argue that they are being sued on a contract which had only the slightest connection with the State of Texas. Similarly, the Senas assert that their relationship to the 1984 note arose wholly out of New Mexico transactions, and that their part of the agreement did not call for performance within the State of Texas. *See* Affidavit of Alfredo R. Sena in Support Motion to Dismiss for Lack of Personal Jurisdiction, at 2. Only Fiesta, the primary holder of the note, does not seriously dispute this court's jurisdiction.

Moreover, crucial unresolved issues of fact are apparent from a review of the defendant's motions. The most perplexing and fundamental problem is that the parties contest even the facial terms of the 1987 contract. Assuming *arguendo* that the defendants' Rule 12(b)(6) motion to dismiss is denied, the defendants' claims about the basic nature of the 1987 contract inevitably would re-emerge during the trial of this matter, as well as in critical pretrial motions. The centrality of this dispute, together with the averred location of most of the evidence and defense witnesses, directs that the action be transferred to the

Santa Fe Division of the U.S. District Court for the District of New Mexico. It is clear that the resolution of many interesting—and thorny—questions will depend on the development of the litigation's underlying facts. Such questions include whether an alleged 1987 Senas–Radio New Mexico contract exists, whether its terms are as the plaintiffs allege, whether the plaintiffs have standing to sue on it, whether either the 1984 or the 1987 contract imposes obligations on the individual defendants, and the applicable state law. The best venue, in which the essential facts can be adduced, is in the District of New Mexico.

28 U.S.C. § 1404(a) provides that the venue of a civil action may be transferred, "[f]or the convenience of parties and witnesses, in the interest of justice," to a district where the case "might have been brought." It is noted, in passing, that defendants Hunts, Fiesta, and the Senas, have the transferee forum state as their principal place of residence. With respect to the defendant Radio New Mexico, and its president, defendant Bereman, it is plain from a reading of the complaint that they are alleged to have significant business contacts with New Mexico, although they are not residents of that state. *See also* Affidavit of William H. Bereman in Support of Motion to Dismiss for Lack of Personal Jurisdiction, at 2. Thus, transfer to New Mexico likely will obviate most of defendants' objections based on personal jurisdiction.

■ The decision to transfer venue is committed to the district court's discretion, exercised in light of the particular circumstances of the case. Because a § 1404 transfer is a less drastic procedural measure than dismissal under the doctrine of *forum non conveniens,* the plaintiff's choice of venue "may be disregarded for less impelling reasons" when considering a defendant's motion to transfer. Accordingly, such a motion more freely may be granted. *Moore's Federal Practice,* ¶ 0.145[5]; *see also Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955) (By enacting § 1404, "Congress ... intended courts to permit trans-

fers upon a lesser showing of inconvenience.")

In *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 507–09, 67 S.Ct. 839, 842–43, 91 L.Ed. 1055 (1947), the U.S. Supreme Court set forth a list of significant factors that should be weighed when considering motions attacking venue. At issue in *Gulf Oil* was a motion to dismiss under the pre-§ 1404 doctrine of *forum non conveniens.* Nevertheless, the desiderata that are outlined in *Gulf Oil* are relevant to the defendants' motions to transfer here. *See* 1 *Moore's Federal Practice, supra; accord Van Dusen v. Barrack,* 376 U.S. 612, 643–46, 84 S.Ct. 805, 822–24, 11 L.Ed.2d 945 (1964); *Koehring Company v. Hyde Construction Company,* 324 F.2d 295 (5th Cir. 1964).

■ Factors to be considered include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process, where necessary, over witnesses; (3) the cost of obtaining witnesses for attendance at trial; (4) the possibility of a view of the premises, if appropriate; (5) the enforceability of a judgment; (6) administrative difficulties of the courts; (7) the local interest of the controversy, and the imposition of jury duty on citizens residing in a community having no relation to the litigation; (8) the propriety of having the action tried in a forum "at home" with the state law governing the case; (9) the plaintiff's choice of forum; (10) the possibility that trial in the original forum will result in inconvenience, vexation, oppression, or harassment of the defendants; and (11) "all other practical problems that make the trial of a case easy, expeditious, and inexpensive." *Gulf Oil, supra* 330 U.S. at 508–09, 67 S.Ct. at 843; *see also Koehring Company, supra,* at 296.

■ In this action, many of above elements weigh heavily in the defendants' favor. Most of the nonparty witnesses to the negotiations leading to the 1987 Senas–Radio New Mexico contract reside in New Mexico, beyond the reach of this court's compulsory process. *See* Affidavit of William H. Bereman in Support of Motion to Transfer Venue, at 1–2. Furthermore, the

1987 agreement was concluded there. The most basic terms of the 1987 contract are hotly contested, and resolution of that dispute goes directly to the question of each defendant's respective liability. A New Mexico court is in a better position to secure crucial testimony and evidence on that issue. Both contracts respected the transfer of instruments, property, and intangible rights located in that state. *See* First Amended Original Complaint, at ¶ II. New Mexico citizens are more closely related to, and interested in, what is at stake here. The note, on which the plaintiffs sue, is secured by New Mexico property, and any judgment taken by the plaintiffs would be more effectively enforced in a New Mexico court. All of defendants either reside in, or are extensively connected to, New Mexico. *See* Affidavit of William H. Bereman in Support of Motion to Dismiss for Lack of Personal Jurisdiction; Affidavit of Alfredo R. Sena in Support of Motion to Dismiss for Lack of Personal Jurisdiction, at 2. Given the indirect and derivative relation that all of the defendants, except Fiesta, had to the 1984 agreement with the plaintiffs, it appears that it would be somewhat vexatious to compel them to defend themselves in an East Texas forum. On the other hand, the plaintiffs have a history of substantial business dealings in New Mexico. Finally, there is the strong possibility that New Mexico law controls most, if not all, of the facts at the center of this controversy, and it is appropriate to let a New Mexico court rule on the legal questions.

In conclusion, the practicality of changing venue to the District of New Mexico is clear, in light of the comparative interests of the parties, the accessibility of evidence and witnesses, the greater public interest of the transferee forum, and considerations of convenience and efficiency. Accordingly, it is

ORDERED that the motions of defendants Alfredo R. Sena, Dolores S. Sena, William H. Bereman, Ronald Martin Hunts, Radio New Mexico, Inc., and Fiesta Communications, Inc., to transfer this action to the United States District Court for the District of New Mexico, Santa Fe Division, shall be, and they are hereby, GRANTED, and, as to all claims and parties, transfer is so ORDERED. It is further

ORDERED that the motion of defendants William H. Bereman, Ronald Martin Hunts, and Radio New Mexico, Inc., to dismiss for failure to state a claim shall be, and it is hereby, DENIED, as moot and without prejudice to refiling same after transfer of this action. It is further

ORDERED that the motion of defendants William H. Bereman, Ronald Martin Hunts, and Radio New Mexico, Inc., for lack of personal jurisdiction, shall be, and it is hereby, DENIED, as moot. It is further

ORDERED that the motion of defendants Alfredo R. Sena and Dolores S. Sena to dismiss for lack of personal jurisdiction shall be, and it is hereby, DENIED, as moot.