Ben Todd, Memphis, Tenn., and Charles M. Merkel and William B. Raiford, III, Clarksdale, Miss., for plaintiffs.

Tim Wade Hellen, Memphis, Tenn., for defendant.

Justin Thomas FULLMAN, A Minor, Deceased, By His Natural Mother and Next Friend, Deborah Hogan FLANAGHAN, and Deborah Hogan Flanaghan, Individually, Plaintiffs,

v.

AAA COOPER TRANSPORTATION COMPANY, Defendant.

No. DC89–193–S–O.

United States District Court,
N.D. Mississippi,
Delta Division.

March 7, 1990.

## OPINION

SENTER, Chief Judge.

The defendant in this wrongful death diversity action seeks transfer to a more convenient forum pursuant to 28 U.S.C. § 1404(a).

### I. FACTS

This action was filed by the mother of a young boy who was killed when he was struck by a truck which belonged to the defendant. At the time the truck was being driven by the defendant's employee, Kenneth R. Inman, Jr., who resides in Memphis. The accident occurred in Memphis, Tennessee. At the time of the accident, both the plaintiff and her son were residents of the state of Tennessee. The plaintiff continues to reside in Memphis. Defendant is an Alabama corporation, which does business in Mississippi and Tennessee.

The accident was investigated by officers of the Memphis Police Department. The

defendant has identified four witnesses to the accident, all of whom lived in Memphis at the time. Subsequent to the accident, two of these witnesses have moved. Douglas Robinson, who was playing with the plaintiff's son when the accident occurred, now lives in Marion, Arkansas. Susan Taylor, who saw the aftermath of the accident and talked with Doug Robinson about it as she drove him to notify the plaintiff about the accident, has moved from Memphis to Knoxville, Tennessee.

## II. ANALYSIS

Section 1404(a) of Title 28 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Clearly, this action could have been brought in the Western District of Tennessee. The claim arose there and the only plaintiff resides there.

Courts have considered many different factors in deciding whether to transfer an action to another district court. Perhaps the most comprehensive compilation of matters to be considered was made by Chief Judge Justice who listed the following factors:

(1) the relative ease of access to sources of proof; (2) the availability of compulsory process, where necessary, over witnesses; (3) the cost of obtaining witnesses for attendance at trial; (4) the possibility of a view of the premises, if appropriate; (5) the enforceability of a judgment; (6) administrative difficulties of the courts; (7) the local interest of the controversy, and the imposition of jury duty on citizens residing in a community having no relation to the litigation; (8) the propriety of having the action tried in a forum "at home" with the state law governing the case; (9) the plaintiff's choice of forum; (10) the possibility that trial in the original forum will result in inconvenience, vexation, oppression, or harassment of the defendants; and (11) "all other practical problems that make the trial of a case easy, expeditious, and inexpensive."

*Radio Santa Fe, Inc. v. Sena,* 687 F.Supp. 284, 287 (E.D.Tx.1988). Several of these factors concern the convenience of witnesses and of the parties in obtaining witnesses' attendance at trial. There can be no doubt that trial of this case in Memphis would be more convenient for all of the witnesses than trial at any location in the Northern District of Mississippi. The cost to the parties of having the witnesses testify would be less if trial were held in Memphis. Of course, the extra inconvenience and added costs would be relatively minor if the case were set for trial in either Clarksdale or Oxford. If this were the sole factor weighing in favor of transfer, the court would almost certainly deny the motion. However, in addition to the inconvenience of trial in this district, the court must consider that one of the witnesses whose testimony may be of utmost importance to the defendant is outside the subpoena power of this court, but could be compelled to attend trial in Memphis. Susan Taylor now lives in Knoxville, Tennessee, which is more than one hundred miles from each of this court's division points. Her testimony concerning Douglas Robinson's description of the accident, related to her just moments after it occurred, may be vital to the defendant. She is not associated with either of the parties to this suit, so it cannot be assumed that she would willingly take time away from her normal schedule to travel several hours to Mississippi to testify.

Neither Mississippi nor her citizens has any interest in the outcome of this controversy. It is not entirely uncommon for this court to be confronted with venire persons who resent being called for jury service. Such feelings might be justified if Mississippi jurors were called away from their jobs to sit in judgment of a case which bears not the slightest relationship to this state.

Both parties have devoted substantial portions of the various briefs that they have submitted to the question of which state's law would govern certain aspects of this case. It is clear beyond question that Tennessee tort law will control the resolution of every issue in this case with one possible exception. The plaintiff contends

that Mississippi courts would refuse on public policy grounds to apply Tennessee's contributory negligence rule and would apply in its stead the comparative negligence rule adopted by statute in Mississippi. Although this court sees little room for Mississippi public policy to come into play in this case, the court is convinced that this action should be transferred and that the transferee court which will decide the case on its merits should make the decision on what law will be applied.

As in most cases involving a motion to transfer, the plaintiff places great emphasis on those cases which hold that a plaintiff's choice of forum should be respected absent a strong showing of inconvenience to the defendant and to witnesses. However, in this case, the plaintiff has not chosen this forum because it is more convenient to her. The briefs filed on behalf of the plaintiff make it clear that the chief, if not sole, reason that this forum was chosen was in an attempt to take advantage of Mississippi's more favorable comparative negligence law as well as those Mississippi cases which establish what might best be described as extraordinary duties of motorists in regard to children playing on or near streets. It is perfectly clear that if this action had remained in Tennessee,[1] the plaintiff would have had no ground from which to argue that Mississippi law should be applied. When the plaintiff engages in such blatant forum shopping, little, if any, deference should be given to her choice of forum.

### III. CONCLUSION

For the reasons stated above, the defendant's motion to transfer this action to the Western District of Tennessee will be granted.

An appropriate order will be entered.

---

**1.** The plaintiff originally filed her complaint in a Tennessee state court but later voluntarily dismissed that case in favor of suing this court.