Mamie Krotz FRAZIER, Individually; Karen Sue Frazier Pence, Individually and as Administratrix of the Estate of Harold Henry Frazier, Deceased; Kenneth Stephen Frazier, Individually, Plaintiffs,

v.

COMMERCIAL CREDIT EQUIPMENT CORPORATION, Defendant.

Civ. A. No. J90–0007(B).

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 4, 1991.

Wayne E. Ferrell, Jr., Ferrell and Hubbard, Jackson, Miss., William Flanagan, Sanders Austin Swope Flanagan, Princeton, W.Va., for plaintiffs.

Michael S. Allred, Thomas, Price, Alston, Jones & Davis, Jackson, Miss., for Commercial Credit.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, on Plaintiffs' Application for Review of the Order of the Magistrate entered August 3, 1990, denying Plaintiff's Motion to Transfer this action to the United States District Court for the Southern District of West Virginia. Defendant has responded to Plaintiffs' Application for Review. The Court, having considered the Application for Review and the response, together with memoranda of authorities and attachments thereto, is of the opinion that the order of the Magistrate denying transfer should be affirmed, but under reasoning as follows.

## I. FACTS AND PROCEDURAL HISTORY

On February 9, 1984, Harold Henry Frazier, a resident of West Virginia, was a passenger in an aircraft that crashed shortly after takeoff from an airfield in Bluefield, West Virginia. Frazier survived the

initial impact of the crash, but died several days later as a result of injuries sustained in the accident. Frazier's wife and son, residents of West Virginia and Tennessee respectively, filed suit concerning the accident in state court in the Circuit Court of Hinds County, Mississippi in 1989. Frazier's daughter, a West Virginia resident, joined as a Plaintiff in that suit, both individually and as administratrix of the Frazier estate. In their suit, Plaintiffs asserted both wrongful death and survival actions against the Defendant, a Delaware corporation doing business in several states, including West Virginia and Mississippi, which allegedly sold, serviced, inspected, and repaired the airplane involved in the crash. The Defendant thereafter removed the action to this Court.

On August 3, 1990, Plaintiffs brought on for hearing before the United States Magistrate their Motion to Transfer this action to the United States District Court for the Southern District of West Virginia. By order of the Magistrate entered August 8, 1990, Plaintiffs' Motion to Transfer was denied. The Magistrate's denial of Plaintiffs' Motion was based, in part, upon a finding that issues of Mississippi law remain to be resolved in Defendant's pending Motion for Summary Judgment. Plaintiffs' Motion was also denied on the basis that allowing Plaintiffs to file suit in Mississippi in order to take advantage of its six year statute of limitations and then transfer the claim to West Virginia, where the Plaintiffs' action would clearly have been barred by that state's statute of limitations if the suit had originally been filed there, was unfair. Plaintiffs' Motion was denied, however, without prejudice to Plaintiffs' right to reassert a motion to transfer once this Court has ruled on Defendant's summary judgment motion which is currently pending in this case. Plaintiffs have now applied to this Court for review of the Magistrate's order denying Plaintiffs' Motion to Transfer.

## II. ANALYSIS

The authority of federal district courts to transfer actions from one district court to another is derived from 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ In construing the statute's provision concerning districts where the action "might have been brought," the consensus has been that transfer under section 1404(a) is limited to those situations in which the district to which transfer is sought is one where plaintiff could have entertained the suit originally. *See Hoffman v. Blaski*, 363 U.S. 335, 343–44, 80 S.Ct. 1084, 1089–90, 4 L.Ed.2d 1254 (1960). Thus, transfer under section 1404(a) may properly be made only where the court to which transfer is sought would have been a proper venue and would have had personal jurisdiction over all of the defendants if it had been the original forum. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3rd Cir.1970), cert. denied 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971).

Under this standard, this case could have originally been brought in United States District Court for the Southern District of West Virginia. The cause of action accrued in West Virginia, so that venue would have been proper in that state under 28 U.S.C. § 1391(a). Additionally, Defendant is doing business in West Virginia, thus making it amenable to service of process in that state.

■ Having met the initial requirement of section 1404(a) that the district to which transfer is sought be a proper forum, the Court must now consider whether transfer of this case to West Virginia would best serve the interests of convenience and justice. The Court initially notes that the decision to transfer a suit to a more convenient forum under section 1404(a) is left to the sound discretion of the trial court. *Nowell v. Dick*, 413 F.2d 1204 (5th Cir.1969). While section 1404(a) specifically mentions the convenience of the parties and witnesses and the interests of justice as factors to be considered, these factors are broad generalities that allow the court to consider a

wide range of circumstances under the particular facts of each case. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n. 3 (7th Cir.1986).

█ In denying Plaintiffs' Motion to Transfer, the Magistrate cited two motivating factors for his refusal to allow a transfer of this action: (1) issues of Mississippi law remained to be resolved in Defendant's pending Motion for Summary Judgment; and (2) allowing Plaintiffs to file suit in Mississippi under it's six year statute of limitations and then transfer the action to West Virginia, where Plaintiffs' action would have been barred by that state's statute of limitations if the suit had originally been filed there, was "unfair." Upon examination of relevant legal authority, however, the Court concludes that the second factor cited by the Magistrate as a basis for his decision is in need of further clarification.

### a. The *Ferens* decision

The Court finds the recent case of *Ferens v. John Deere Co.*, —— U.S. ——, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990) illustrative of the fine distinctions to be drawn in considering the "fairness" of transfers under section 1404(a). In *Ferens*, the Court considered whether the law allows a plaintiff to file suit in a foreign jurisdiction solely for the purpose of capturing that jurisdiction's statute of limitations and then transfer that action back to plaintiff's domiciled state, thereby defeating the bar that the domiciled state's shorter statute of limitations may have posed to plaintiff's cause of action if the suit had originally been filed there. The Court concluded that such transfers were allowable under section 1404(a) and that the court to which the lawsuit was transferred was required to apply the longer statute of limitations of the jurisdiction in which the action was originally brought. *Ferens*, 110 S.Ct. 1274, 1281. Significantly, however, the Court noted that such transfers could not be accomplished in every instance, since section 1404(a) does not provide for an automatic transfer merely upon the motion of a party. "The section, instead, permits a transfer only when convenient and 'in the interest of justice.'" *Id.* at 1284. While the justice of the particular transfer at issue in *Ferens* had not been contested, the Court noted that "the option [to do so] remains open to Defendants in the future." *Id.* This Court now considers the issue left unaddressed by the *Ferens* decision, namely, whether the interests of justice are served by allowing plaintiffs, such as those in the instant action, to file suit in Mississippi solely for the purpose of capturing it's longer statute of limitations for tort actions and then allowing the action to be transferred to another jurisdiction where it would have been barred by a shorter statute of limitations if the lawsuit had originally been filed there.

### b. Standards of convenience and the interests of justice

█ The moving party has the burden of proving by a preponderance of the evidence that a transfer under section 1404(a) is proper. *Rodgers v. Northwest Airlines, Inc.*, 202 F.Supp. 309, 312 (S.D.N.Y.1962); *see also Kisko v. Penn Central Transportation Co.*, 408 F.Supp. 984, 986 (M.D.Pa. 1976). This burden remains constant even where the moving party is the plaintiff. *Leopard Roofing Co. v. Asphalt Roofing Industry Bureau*, 190 F.Supp. 726, 729 (E.D.Tenn.1960).

In support of their contention that this case should be transferred to a West Virginia court, Plaintiffs cite the domicile of all parties to this action, the site where the cause of action arose, and the availability of witnesses and documentation as factors that support the conclusion that West Virginia would be a more convenient forum in which to try this case. This Court takes note of the fact that two of the three Plaintiffs reside in West Virginia, that Defendant conducts a substantial volume of business in West Virginia, that the airplane crash at issue occurred in West Virginia, and that the bulk of the fact witnesses and documentation related to this controversy are located in West Virginia. The Court further notes that these factors directly

relate to numerous considerations that may be weighed in determining the propriety of a transfer under section 1404(a). *See Hess v. Gray*, 85 F.R.D. 15, 24–25 (E.D.Ill.1979) (distance and expenses associated with having witnesses attend trial); *Cunningham v. Cunningham*, 477 F.Supp. 632, 635 (N.D.Ill.1979) (difficulty in procuring testimony of out-of-state witnesses); *Cambridge Filter Corp. v. International Filter Co., Inc.*, 548 F.Supp. 1308, 1311 (D.C.Nev. 1982) (cost of transporting parties and counsel to forum state); *Schwilm v. Holbrook*, 661 F.2d 12, 15 (3rd Cir.1981) (location and availability of key witnesses in foreign state). Accordingly, the Court concludes that substantial convenience would result to the parties and witnesses in this case if this action was transferred to the United States District Court for the Southern District of West Virginia.

■ A finding of convenience to the parties and witnesses does not end the Court's inquiry, however. Section 1404(a) specifically provides that the interests of justice must also be considered in determining the propriety of a transfer to be made pursuant to that section. As the *Ferens* decision noted, "[t]he section . . . permits a transfer only when convenient *and* 'in the interests of justice.'" *Ferens*, 110 S.Ct. at 1284 (emphasis added); *see also Oral–B Laboratories, Inc. v. Mi–Lor Corp.*, 611 F.Supp. 460, 463 (S.D.N.Y.1985) (denying motion to transfer where both elements of section 1404(a) had not been met); *Henry v. First National Bank of Clarksdale*, 50 F.R.D. 251, 270 (N.D.Miss.1970) (noting that convenience of parties would not alone justify a change of venue and that court must be satisfied that venue change would also be in the interests of justice). The "interest of justice" component of section 1404(a) may, in itself, be determinative of the decision to allow a transfer, even where the convenience of the parties and witnesses would call for a different result. *See, e.g., Lemke v. St. Margaret Hospital*, 594 F.Supp. 25, 28 (N.D.Ill.1983) (noting that interest of justice required transfer even though transfer would inconvenience plaintiff and plaintiff's witnesses).

"Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir.1986). The Third Circuit has noted that "[t]he purpose of [section 1404(a)] is clearly to make the inevitably uncomfortable judicial process cheaper and more convenient and, if possible, more prompt." *All Sates Freight, Inc v. Modarelli*, 196 F.2d 1010, 1011 (3rd Cir. 1952). As the *Ferens* court itself recently recognized, consideration of the interests of justice "*must* include the convenience of the court." *Ferens*, 110 S.Ct. at 1283 (emphasis added).

This Court finds that the juncture in the case at which the motion to transfer is presented to be of primary relevance in determining if a transfer of the action will best promote the interests of justice. Because "[s]ubstantial justice is obtained by the prompt and comprehensive disposition of litigation," *Cold Metal Products Co. v. Crucible Steel Co.*, 126 F.Supp. 546, 552 (D.C.N.J.1954), this Court concludes that the interests of justice cannot be served by the transfer of a case to another forum where the motion to transfer is placed before the court at a point where the forum court has already expended substantial resources on consideration and management of the case and where transfer of the case to another jurisdiction will likely result in a decreased chance of a prompt decision in the controversy. The Court reaches this decision on two bases. Where a party has filed suit in one court and has allowed a significant amount of time to pass before the request to transfer is made, the forum court has had the opportunity to involve itself in the management of the lawsuit and to familiarize itself with the issues presented by the case. A transfer of the case at that stage would greatly diminish the value of the judicial resources that had so far been expended in the matter, since the forum court's familiarity with the case would no longer be of benefit. The Court firmly believes that the diminishment of judicial resources that would be occasioned by motions to transfer that come at such late stages in the lawsuit do not promote and,

indeed, greatly hinder the interests of justice and should therefore prevent the granting of motions to transfer when these circumstances are before the court. Secondly, the Court is persuaded that transfers should not be granted where the circumstances indicate that transfer of the action is likely to result in delaying the final resolution of the lawsuit. Where one court has spent substantial amounts of time on a lawsuit, and has implicitly developed an understanding of the facts and law relative to the case, transfer of that case to another court which would then be required to expend additional time familiarizing itself with the controversy would only logically result in a deferral of a final decision in the matter.

With the foregoing consideration in mind, the Court now turns to the facts of the instant case. This lawsuit was removed to this Court in January of 1990. Defendant's Motion for Summary Judgment was filed on January 22, 1990. It was not until July 3, 1990, approximately six months following the removal of the action and the filing of Defendant's Motion for Summary Judgment, that Plaintiff moved this Court for a transfer of this action to West Virginia. During the six months that elapsed between removal to this Court from state court and the Motion to Transfer, extensive discovery was undertaken by both Plaintiffs and Defendant and a substantial amount of court time has been expended on managing the logical progression of this lawsuit. Under these circumstances, the Court concludes that transfer of this action to West Virginia is not appropriate under section 1404(a). *See McDonnell Douglas Corp. v. Polin,* 429 F.2d 30, 30–31 (3rd Cir.1970) (holding that motion to transfer should be placed before the court prior to discovery on the merits of the action); *Brainard v. Atchison, T. & S.F. Railway,* 81 F.Supp. 211, 211 (N.D.Ill. 1948) (denying transfer of case where motion was not placed before the court in the early stages of the lawsuit).

In a final attempt to establish that transfer of this case will promote the interest of justice, Plaintiffs note that the substantive claims in this suit involve West Virginia law and that a West Virginia court would be better able to apply the law in this case. This Court does recognize that this case involves claims under the West Virginia wrongful death and survival statutes. However both parties agree that the primary issue to be decided in the summary judgment motion currently pending before this Court is whether, under Mississippi conflicts-of-law provisions, the two year limitation period contained within the West Virginia wrongful death statute is a substantive element of the cause of action or whether it is merely procedural. Plaintiffs assert that this determination will involve unsettled issues of West Virginia law so that transfer of the action would be appropriate. Conversely, Defendant argues that this issue involves analysis under Mississippi conflicts-of-law provisions, a task this Court can proficiently undertake.

■ A forum conversant with the applicable law is best suited to interpret those laws and is a relevant factor in considering whether the interests of justice dictate the transfer of an action. *See Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir.1989). This requirement is particularly onerous where, as in the instant case, the laws of more than one jurisdiction must be applied to the claim. The Court concludes, however, that this factor, while an important consideration, is not sufficient under the facts of this case to stand as the single basis upon which a transfer can be predicated. The Court finds that the issues of Mississippi and West Virginia law to be addressed in this case are neither first impression issues nor novel points of law. Indeed, the Court finds that the matters raised by this lawsuit do not require the "interpretation" of either Mississippi or West Virginia law, but rather merely require the application of clear legal precedent to the facts of this case. Under these circumstances, the Court concludes that the mere application of the laws of another jurisdiction, a task which this Court is frequently called upon to perform, is not sufficient to warrant transfer of this action. *See, e.g., Houk v. Kimberly–Clark Corp.,* 613 F.Supp. 923,

932 (W.D.Mo.1985) (noting that transfer to Georgia court was not warranted where Georgia law to be applied was neither complex nor unsettled). Accordingly, the Court concludes that Plaintiffs' Motion to Transfer cannot be granted on this basis.

IT IS THEREFORE ORDERED that the Order of the Magistrate is hereby affirmed and that Plaintiffs' Motion to Transfer is denied on the grounds that Plaintiff has failed to establish that transfer of this action to the United States District Court for the Southern District of West Virginia is in the best interest of justice as required by 28 U.S.C. § 1404(a).

SO ORDERED.