Pat M. MIZELL, Plaintiff,

v.

PRISM COMPUTER CORPORATION, Defendant.

No. Civ.A. 3:97–CV–497WS.

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 4, 1998.

Joel W. Howell, III, Joel W. Howell, III, Attorney, Jackson, MS, for Pat M. Mizell, plaintiff.

John W. Robinson, III, Phelps Dunbar, Jackson, MS, for Prism Computer Corporation, defendant.

## ORDER TRANSFERRING CASE UNDER § 1404

WINGATE, District Judge.

Before the court is the motion of defendant Prism Computer Corporation (hereinafter "Prism") asking this court to dismiss the plaintiff's complaint for lack of in personam jurisdiction pursuant to Rule 12(b)(2)[1] of the Federal Rules of Civil Procedure, or for transfer to a more convenient forum under Title 28 U.S.C. § 1404(a).[2] Pat M. Mizell (hereinafter the "plaintiff") opposes the motion to dismiss and, further, contends that this case should not be transferred because all operative events pertaining to this lawsuit occurred in Mississippi. Prism disputes this assertion, arguing that the plaintiff is not even a resident of Mississippi entitled to benefit of Mississippi's long-arm statute.[3] Notwithstanding the dispute regarding the plaintiff's citizenship and whether in personam jurisdiction over Prism may be obtained in a Mississippi Court, this court is persuaded to grant transfer to the United States District Court for the Central District of California, Southern Division, pursuant to § 1404(a).

### I. BACKGROUND

Prism, a California corporation, hired the plaintiff in May of 1992 to be a regional sales manager for Prism with his office in the Dallas, Texas, area. According to the affidavit of Michael A. Ellis, the president and sole owner of Prism, the plaintiff contacted him in 1992 when the plaintiff was working for Titan Software, a competitor of Prism, and expressed his interest in working for Prism.

1. Rule 12(b)(2) of the Federal Rules of Civil Procedure provides as follows:

   (b) **How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may be made by motion at the option of the pleader be made by motion:
   (2) lack of jurisdiction over the person, ...

2. Title 28 U.S.C. § 1404(a) states:

   (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other dis-

trict or division where it might have been brought.

3. Miss.Code Ann. § 13–3–57 (Supp.1989) provides in pertinent part that "[a]ny nonresident person ... not qualified under the constitution and laws of this state as to doing business herein, who shall [1] make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall [2] commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall [3] do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi."

Ellis says he informed the plaintiff of an opening with Prism in the Dallas, Texas, area, and that the plaintiff came to California soon thereafter to continue their discussion of this possibility. The plaintiff accepted Ellis' offer of employment with Prism. One of the plaintiff's primary duties was to service the account of Oracle Corporation of Irving, Texas, one of Prism's major customers. The plaintiff's sales territory included Texas, Arkansas, Louisiana and Oklahoma. According to Ellis, Prism had no customers in Mississippi and had never maintained an office in Mississippi. Moreover, says Ellis, the plaintiff held himself out to be a resident of the State of Texas and, according to his tax documents, paychecks and fax transmissions, the plaintiff was a Texas resident at the time he was hired.

The plaintiff was terminated from his employment with Prism in February of 1997. According to the plaintiff, Prism failed to pay the plaintiff all the sales commissions which were due and owing at that time. Thus, the plaintiff had his attorney make demand for the unpaid commissions. This lawsuit was filed on July 15, 1997, shortly after Prism's refusal to comply with the plaintiff's demand for commissions. The plaintiff's complaint claims that the plaintiff is owed $250,000.00 in commissions; that Prism is bound to pay the amount claimed under the doctrine of promissory estoppel; that Prism negligently misrepresented that it would pay the commissions claimed; that Prism tortiously breached its contract with the plaintiff; that Mississippi law[4] requires payment of the commissions in question; and that the refusal to transfer the plaintiff's retirement bene-

fits constitutes an intentional tort. The plaintiff seeks $300,000.00 in punitive damages.

According to the plaintiff's affidavit, he was residing in Mississippi at the time he was hired by Prism and did not move to Texas from Mississippi until September of 1992, about four months after he was hired by Prism. Additionally, the plaintiff says he solicited sales in Mississippi for Prism; received pay at his Mississippi address; and was terminated from his employment with Prism by telephone in Mississippi. In response, Ellis' affidavit contends that the plaintiff was a Texas resident at the time he was hired by Prism. Prism refers to the plaintiff's tax returns and his W–2 forms where the plaintiff claimed Texas as his state of residency. Moreover, Ellis points to the plaintiff's paychecks from Prism which show Irving, Texas, to be the plaintiff's place of residence and asserts that no part of the contract entered into between Prism and the plaintiff was to be performed in the State of Mississippi.

## II. ANALYSIS

### A. The Parties' Jurisdictional Arguments

The parties have presented several arguments concerning the question of whether this court has in personam jurisdiction over Prism. They distinguish between "general" and "specific" jurisdiction,[5] with Prism arguing that it has no systematic and continuous contacts with Mississippi. Prism reminds the court that it must be satisfied that Prism has the requisite minimum contacts to subject it to the jurisdiction of the court. *Apple-*

---

4. Miss.Code Ann. § 75–87–5 provides in relevant part that, "[whenever the contract between a sales representative and any principal is terminated, all commissions ... shall be due and payable within twenty-one (21) days of such termination]." MCA § 75–87–7 provides in part that, "any principal who fails to timely pay the sales representative ... shall be liable in a civil action for up to triple the commissions due ..., plus reasonable attorney's fees and costs."

5. General jurisdiction is invoked where the nonresident maintains "continuous and systematic" contacts with the forum state. *Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir.1990). Specific jurisdiction may arise without the nonresident

defendant's ever stepping foot upon the forum state's soil or may arise incident to the commission of a single act directed at the forum. The appropriate inquiry is whether the defendant purposefully availed itself of the privilege of conducting activities in-state, thereby invoking the benefits and protections of the forum state's laws. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474–75, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)). *See also Applewhite v. Metro Aviation, Inc.,* 875 F.2d 491, 495 n. 3 (5th Cir.1989), and *Bearry v. Beech Aircraft Corporation,* 818 F.2d 370, 374 (5th Cir.1987).

*white v. Metro Aviation, Inc.,* 875 F.2d 491, 495 n. 3 (5th Cir.1989), citing *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Further, says Prism, this court, sitting in diversity, may assert personal jurisdiction over Prism only if: (1) the state's long-arm statute applies; and (2) due process is satisfied under the Fourteenth Amendment to the United States Constitution. *See Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612, 616 (5th Cir.1989); and *WNS, Inc. v. Farrow,* 884 F.2d 200, 202 (5th Cir.1989).

Prism contends that Mississippi's long-arm statute does not apply in the instant case because the plaintiff was a resident of Texas, not Mississippi, when he contracted with Prism. The plaintiff responds that one's residency and entitlement to exercise Mississippi's long-arm statute is determined at the time the lawsuit is filed, not at the time the contract was made, citing *Golden v. Cox Furniture Manufacturing Company, Inc.,* 683 F.2d 115, 117 (5th Cir.1982).[6] Of course, *Golden* is a tort case involving an automobile accident, not a breach of contract claim, where the plaintiff moved to Arkansas after the accident and filed suit in Mississippi against a Louisiana resident. As noted by Prism, the *Golden* case was decided pursuant to Mississippi's long-arm statute in its pre–1980 version. *See Golden,* 683 F.2d at 117 n. 4. After the 1980 amendment to Miss.Code Ann. § 13-3-57, Mississippi's long-arm statute permitted in personam jurisdiction over a nonresident person not doing business in Mississippi where the nonresident makes a contract with a *resident* of Mississippi to be performed in whole or in part by any party in Mississippi; or who shall commit a tort in whole or in part in Mississippi against a *resident or nonresident* of Mississippi. Inasmuch as this case involves breach of a contract,[7] Prism argues that the plaintiff must be a resident of Mississippi to have the benefit of Mississippi's long-arm statute. Since the plaintiff is not a resident of Mississippi, says Prism, this court has no basis for jurisdiction over this dispute.

Otherwise, says Prism, even if this court finds the plaintiff to be a resident of Mississippi, due process under the United States Constitution still requires that a defendant have sufficient minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The nature and quality of these contacts, says Prism, must justify the conclusion that defendant should have reasonably anticipated being haled into court in Mississippi. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1068 (5th Cir.1992). Calling attention to the United States Supreme Court's analytic device of drawing a distinction between specific and general jurisdic-

---

**6.** The plaintiff argues that *Golden* was reaffirmed in the case of *Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612 (5th Cir.1989). *Cycles* involved a Mississippi corporation's lawsuit against a Colorado corporation over a purchase agreement of a trucking terminal and rolling-stock located in West Memphis, Arkansas. The lawsuit sounded in both tort and contract. *Cycles,* for the sake of argument, restated the principle set forth in *Golden* that one's residency is determined at the time the suit is filed and not when the action accrues. The *Cycles* Court did not concern itself that *Golden* turned on pre–1980 Mississippi law which required a determination of residency in tort cases prior to exercising long-arm in personam jurisdiction, and/or that the 1980 amendment eliminated the need for this determination in tort cases, but not contract cases. Moreover, *Cycles* did not turn on the residency issue. The Fifth Circuit concluded instead that there were insufficient minimum contacts between the Colorado corporation and Mississippi. Hence, the Colorado corporation had no expectation of being haled into a Mississippi Court as the doctrine of fundamental fairness and due process under the United States Constitution would require.

**7.** Neither the plaintiff nor Prism has raised any question regarding the possible effect of the plaintiff's having raised a negligent misrepresentation claim in his complaint, a tort claim recognized under Mississippi law. *See Clark v. St. Dominic–Jackson Memorial Hospital,* 660 So.2d 970, 974 (Miss.1995), setting forth the elements of a negligent misrepresentation claim—(1) a misrepresentation or omission of fact, (2) materiality, (3) failure to exercise ordinary care, (4) reasonable reliance, and (5) injury. Nevertheless, a case may be transferred for the convenience of the parties and witnesses to a district court having personal jurisdiction over all defendants. *Frazier v. Commercial Credit Equipment Corp.,* 755 F.Supp. 163, 165 (S.D.Miss.1991).

tion, *see Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); and *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984), Prism argues that for this court to have specific jurisdiction, Prism must have purposely directed its activities at the plaintiff as a resident of Mississippi and the subsequent litigation must result from the alleged injuries that arise out of or relate to Prism's activities directed at Mississippi. *Burger King,* 471 U.S. at 474, 105 S.Ct. 2174; *Aviles v. Kunkle,* 978 F.2d 201, 204 (5th Cir.1992). The appropriate inquiry, says Prism, is whether Prism purposefully availed itself of the privilege of conducting activities in Mississippi, thereby invoking the benefits and protections of Mississippi's laws. *Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir. 1990) (citing *Burger King,* 471 U.S. at 474–75, 105 S.Ct. 2174). Prism insists that it has not purposefully so availed itself.

Prism also argues that it has conducted no activities in Mississippi which are continuing and systematic as is required for the general jurisdiction of this court over Prism to apply. *See Helicopteros,* 104 S.Ct. at 1872 & n. 9, 104 S.Ct. 1868 (where the cause of action is not related to or does not arise from the defendant's activities in the forum, the forum may still have general jurisdiction if the defendant's contacts with the forum are of a continuous and systematic nature).

Plaintiff says that he undertook to make sales in Mississippi on behalf of Prism as proof of Prism's minimum contacts with Mississippi.[8] Set against this contention are the cases which hold that jurisdiction is improper if it is grounded in the unilateral activity of the plaintiff. *Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir.1990), citing *World–Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 563, 62 L.Ed.2d 490 (1980); *Bearry v. Beech Aircraft Corporation,* 818 F.2d 370, 374 (5th Cir.1987). Plaintiff also contends that he entered into his contract with Prism in Mississippi and was fired by Ellis via a telephone conversation placed to Mizell in Mississippi. This court has taken into account those cases

which hold that merely contracting with a resident citizen or mere telephone conversations will not give rise to minimum contacts sufficient for in personam jurisdiction. *See Colwell Realty Investments, Inc. v. Triple T Inns of Arizona, Inc.,* 785 F.2d 1330, 1334 (5th Cir.1986) ( [m]erely contracting with a resident of the forum is insufficient); *Cappaert v. Preferred Equities Corp.,* 613 F.Supp. 264, 267 (S.D.Miss.1985) (correspondence and telephone calls between the parties will not suffice); and *Reed–Joseph Co. v. DeCoster,* 461 F.Supp. 748, 751 (N.D.Miss.1978) (holding that telephone conversations and contract with a Mississippi resident insufficient to establish jurisdiction).

This court has carefully considered all the jurisdictional arguments made by the parties and is persuaded that, notwithstanding the outcome of the jurisdictional issue, this case nevertheless is one which should be transferred to another forum. *See Haire v. Miller,* 447 F.Supp. 57, 60 (N.D.Miss.1977), holding that a court having subject matter jurisdiction but lacking personal jurisdiction over the defendant still has authority under Title 28 U.S.C. § 1404(a) or Title 28 U.S.C. § 1406(a) to order transfer to another district, citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (transfer under § 1406(a)); and *Koehring Company v. Hyde Construction Co.,* 324 F.2d 295, 297–98 (5th Cir.1963) (transfer under § 1404(a)).

### B. *Transfer Under § 1404(a)*

The party seeking transfer pursuant to § 1404(a) has the burden of establishing, by reference to particular circumstances and by a preponderance of the evidence, that the transferee forum is clearly more convenient and that transfer is proper. *Davidson v. Exxon Corporation,* 778 F.Supp. 909 (E.D.La.1991); *Frazier v. Commercial Credit Equipment Corporation,* 755 F.Supp. 163, 166 (S.D.Miss.1991). There must be a convincing showing of the right to have the case transferred since § 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient. *Southern Investors II v. Com-*

---

**8.** Prism acknowledges one sale to the University

Medical Center which was concluded in 1994.

*muter Aircraft Corporation,* 520 F.Supp. 212, 213, 218 (M.D.La.1981), citing *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

■ The plain language of Title 28 U.S.C. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Several factors must be considered, including the convenience of the parties; the convenience of witnesses; the interests of justice; location of counsel; the location of records and other documentary evidence; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; and the possibility of delay and prejudice if transfer is granted, as well as the plaintiff's choice of forum. *See Eddy v. Inland Bay Drilling & Workover, Inc.,* 784 F.Supp. 370, 375 (S.D.Tex.1992). In *Apache Products Co. v. Employers Ins. of Wausau,* 154 F.R.D. 650 (S.D.Miss.1994), this court also identified the factors that should be considered when deciding whether to transfer a case under § 1404(a), namely:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process, where necessary, over witnesses; (3) the cost of obtaining witnesses for attendance at trial; (4) the possibility of a view of the premises, if appropriate; (5) the enforceability of a judgment; (6) administrative difficulties of the court; (7) the local interest of the controversy, and the imposition of jury duty on citizens residing in the community having no relation to the litigation; (8) the propriety of having the action tried in a forum "at home" with the state law governing the case; (9) the plaintiff's choice of forum; (10) the possibility that trial in the original forum will result in inconvenience, vexation, oppression, or harassment of the defendant; and (11) "all other practical problems that make the trial of a case easy, expeditious, and inexpensive."

*Id.,* 154 F.R.D. at 653 (citing *Fullman v. AAA Cooper Transp. Co.,* 732 F.Supp. 54, 55 (N.D.Miss.1990)) (quoting *Radio Santa Fe,*

*Inc. v. Sena,* 687 F.Supp. 284, 287 (E.D.Texas 1988)).

■ Transfer under § 1404(a) is limited to those situations in which the district to which transfer is sought is one where the plaintiff could have entertained the suit originally. *Frazier v. Commercial Credit Equipment Corp.,* 755 F.Supp. 163 (S.D.Miss.1991), citing *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 1089–90, 4 L.Ed.2d 1254 (1960). Thus, transfer may properly be made only where the court to which transfer is sought would have been a proper venue and would have had personal jurisdiction over all the defendants if it had been the original forum. *Frazier v. Commercial Credit Equipment Corp.,* 755 F.Supp. at 165, citing *Shutte v. Armco Steel Corporation,* 431 F.2d 22, 24 (3rd Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). No one disputes that the instant case might have been brought in the district court for the Central District of California, Southern Division, where Prism resides. The plaintiff simply argues that in his view the case should not be transferred because the operative events occurred in Mississippi and because a plaintiff's choice of forum should not be disturbed. Of course, the general rule that the plaintiff's choice of forum is not to be disturbed does not obtain where it is clearly outweighed by other factors. *Howell v. Tanner,* 650 F.2d 610, 616 (5th Cir.1981).

■ Prism notes that the plaintiff's contract was negotiated in Irvine, California. Moreover, says Prism, commission payments were processed in Irvine, California; plaintiff's employment benefits were calculated and maintained in California; and all documentation relating to the plaintiff's claims are located in California. Thus, the parties' access to sources of proof, says Prism, would be best served in California.

Next, Prism notes that the plaintiff's prediscovery disclosure list contains the names of many individuals who, according to the plaintiff, are possessed of discoverable facts. None of these individuals, says Prism, resides in Mississippi other than the plaintiff. None of these individuals, says Prism, resided in Mississippi during the period of plaintiff's employment.

Moreover, Prism notes that the sales contracts cited by the plaintiff in his pre-discovery disclosure involve entities which do not reside in Mississippi. All of the witnesses identified by the parties, with the exception of the plaintiff, reside outside this court's subpoena power.[9] Of the thirty-five corporations and educational institutions named in the pre-discovery list, at least 14 are California customers, says Prism, and none of them is a Mississippi entity. Prism contends that the testimony of the officers of these corporations will be vital to Prism's defense.

Certainly, if the forum chosen by the plaintiff will be the most convenient for the parties and witnesses, this is a powerful argument against transfer, while if some other forum will better serve the convenience of the parties and witnesses, transfer is likely to be granted. *See* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3851 (1986), at pages 415–419. In the instant case, the convenience of a Mississippi forum would be realized by no one other than the plaintiff. This court finds that the Central District of California, Southern Division, would offer the more convenient forum in the instant case. *See King v. Navistar International Transportation Corporation,* 709 F.Supp. 261 (D.D.C.1989) (granting transfer pursuant to § 1404(a) after finding that the only connection the case had with the District of Columbia was that this was the plaintiff's place of residence).

Once the court determines that transfer to a district other than that selected by the plaintiff would be more convenient for the parties and witnesses, the court must still determine whether transfer would be in the interests of justice. *Ferens v. John Deere Co.,* 494 U.S. 516, 110 S.Ct. 1274, 1279, 108 L.Ed.2d 443 (1990) (court may transfer venue for the convenience of the parties and witnesses when in the interests of justice). The "interests of justice" component of § 1404(a) may, in itself, be determinative of the decision to allow a transfer, even when the convenience of the parties and witnesses would call for a different result. 15 Charles A. Wright,

Arthur R. Miller & Edward H. Cooper, *supra,* § 3854 (1986); *Frazier v. Commercial Credit Equipment Corp., supra,* at page 167.

In the instant case, there is no particular public local interest in this case which would militate against transfer. The contract in question was negotiated, entered into and performed in California. Thus, California law is most likely to apply to the interpretation of the contract. The plaintiff will not be deprived of any particular advantage offered by Mississippi law. *Ferens v. John Deere Co.,* 110 S.Ct. at 1280. Another consideration under the "interests of justice" analysis is the convenience of the court. *Ferens v. John Deere Co.,* 110 S.Ct. at 1283. This court would be highly inconvenienced if it would be unable to subpoena witnesses due to their being located outside the proximity of this court's subpoena power.

### III. CONCLUSION

Therefore, this court finds that the convenience of the parties and witnesses favors the Central District of California, Southern Division, as the proper forum for the instant litigation. The interests of justice will be better served in the California forum, particularly where virtually all of the documentation and most of the witnesses can be found there, and where the choice of law is very likely to be that of California. The only contact the instant case has with Mississippi is the plaintiff's claim that he is a resident. Even if the operative events took place in locations other than California, none, with the exception of a 1994 sale to the University Medical Center, took place in Mississippi, and that transaction is not a focal point of the plaintiff's claims. There is no public interest in a Missis-sippi forum. Thus, the above-styled and numbered cause is hereby transferred to the United States District Court for the Central District of California, Southern Division.

### SO ORDERED AND ADJUDGED.

---

9. Rule 45(c)(3)(B)(iii) provides that a subpoena may not require a person who is not a party or an officer of a party to travel more than 100 miles to attend trial.