**Rusty and Emily HOLMES**

v.

**TV–3, INC., d/b/a WLBT Channel 3 Television; Marsha Pollock; and Larry James Lyons.**

**Civ. A. No. 90–1926–S.**

United States District Court, W.D. Louisiana, Shreveport Division.

Dec. 9, 1991.

John Charles Milkovich, Shreveport, La., for plaintiffs.

Billy R. Pesnell, Philip E. Downer, III, Hargrove, Guyton, Ramey & Barlow, Shreveport, La., Alex A. Alston, Jr., Terryl K. Rushing, Thomas, Price, Alston, Jones & Davis, Jackson, Miss., for defendants.

Larry James Lyons, pro se.

## MEMORANDUM RULING

PAYNE, United States Magistrate Judge.

Currently before the Court is the Motion to Transfer Venue filed by the defendants on September 27, 1991. Since this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the District Judge in accordance with Rule 72(a) and U.L.L.R. 19.09(a).

Defendant, TV–3 Inc. broadcast a story reported by Marsha Pollock that allegedly defamed plaintiffs Rusty and Emily Holmes by accusing them of participating in satanic rites and the sexual, physical,

and emotional abuse of Emily Holmes' children. Ms. Holmes was previously married to Larry James Lyons, who provided an interview that made up much of the news story, entitled "Suffer the Little Children". TV-3 is a Mississippi corporation with its principal place of business in Jackson, where it owns and operates WLBT Channel 3. Reporter Pollock resides in Mississippi and is employed by the Jackson station. Larry Lyons, who was earlier dismissed for lack of *in personam* jurisdiction, is also a Mississippi resident. A story was broadcast throughout central Mississippi and was also viewable by residents of a few eastern Louisiana parishes. Plaintiffs claim that the defamatory broadcast enraged the populations of their hometowns in Mississippi to the point that they were afraid to go there. They fear visiting their family in Jackson and are even afraid of pursuing the protracted child custody litigations in Hinds County, Mississippi because of the feverish pitch of malice and hostility engendered against them by the news story. Plaintiffs were residing here in Shreveport when they filed this action but have since moved to Florida along with all of their effects. The defendants ask for a transfer of venue to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a).

Under § 1404, this action may be transferred to the Southern District of Mississippi if: (1) venue in the Southern District of Mississippi is proper; (2) the Southern District of Mississippi is more convenient for the parties and witnesses, and (3) it is in the interest of justice. Venue in the Southern District of Mississippi is proper because all the defendants in this diversity action reside there, a substantial part of the events giving rise to the claim occurred there, and the defendants are subject to personal jurisdiction within the district. 28 U.S.C. § 1391(a).

Among the factors to be considered in determining the convenience of the parties and the witnesses are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process, where necessary, over witnesses; (3) the cost of obtaining witnesses for attendance at trial; (4) the possibility of a view of the premises, if appropriate; (5) the enforceability of a judgment; (6) administrative difficulties of the courts; (7) the local interest of the controversy, and the imposition of jury duty on citizens residing in a community having no relation to the litigation; (8) the propriety of having the action tried in a forum "at home" with the state law governing the case; (9) the plaintiff's choice of forum; (10) the possibility that trial in the original forum will result in inconvenience, vexation, oppression, or harassment of the defendants; and (11) all other practical problems that can make the trial of a case easy, expeditious, and inexpensive. *Radio Sante Fe, Inc. v. Sena*, 687 F.Supp. 284 (E.D.Tx.1988) citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507–09, 67 S.Ct. 839, 842–43, 91 L.Ed. 1055 (1947) and *Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295 (5th Cir.1963).

As noted, plaintiffs now reside in Florida and have a diminished interest in the Shreveport forum. Most, if not all, of the witnesses reside in Mississippi. Many are professionals, such as physicians and psychologists who treated the children, who would be expensive to bring to Shreveport and would be inconvenienced in their practices. Larry Lyons, Meredith Lyons, Stephen Lyons, Faye Parker, and Ann Lobred are all important fact witnesses, all of whom reside in Vicksburg, Mississippi. Besides the obvious convenience of the Mississippi forum to these witnesses, it is questionable whether they are within the subpoena power of this court. See Fed. R.Civ.Proc. 45(e)(1).

The local interest in this case is minimal, if any, because the broadcast was only received in a small portion of the Western District of Louisiana, a portion that does not include Shreveport. Undoubtedly, persons called to jury duty would wonder why they were hearing a case about a defamation that occurred in Mississippi and all of the parties and all of the witnesses are from Mississippi. Additionally, it appears that Mississippi, rather than Louisiana, law will govern the case. The plaintiffs' choice of forum, always an important factor, is of

substantially less importance in this case as the plaintiffs have abandoned it and moved to Florida.

After examining all of the relevant factors, this Court is convinced that the defendants have satisfied their burden that trial of this matter in the Southern District of Mississippi would be of much greater convenience to the witnesses and parties. Similarly, the interest of justice would be satisfied by the transfer.

Accordingly;

The Motion to Transfer Venue is GRANTED, and the Clerk is directed to transfer this case to the Southern District of Mississippi.