**Delores BOLT, Individually, and as the Administrator of the Estate of James Bolt, Deceased, Plaintiff**

v.

**TOYOTA MOTOR CORPORATION; Toyota Motor Corporation Australia Limited; United Air Lines, Inc.; Toyota Material Handling, U.S.A, Inc.; and Toyota Industries Corporation Defendants**

v.

**Western Ground Services, Inc. Third-Party Defendants**

No. 2:03–CV–251.

United States District Court, E.D. Texas, Marshall Division.

Dec. 9, 2004.

Carl R Roth and Michael Charles Smith of Law Office of Carl R. Roth, Marshall, Leon Ranae Russell, Law Office of Leon Russell, Dallas, TX, for Plaintiffs.

Kurt Christopher Kern and Abigail Ann Mathews, Of Hartline Dacus Barger Dreyer & Kern, Dallas, TX, Brian Keith Gary of Hartline, Dacus, Barger, Dreyer & Kern, Sherman, Abigail Ann Mathews of Hartline, Dacus, Barger, Dreyer & Kern, Kurt Christopher Kern and Abigail Ann Mathews of Hartline, Dacus, Barger, Dreyer & Kern, Thomas Wayne Fee and Scott William Self of Fee, Smith, Sharp &

Vitullo, Dallas, TX, Virgil Jay Youngblood of Henslee, Fowler, Hepworth & Schwartz, Tyler, Toyota Industries Corp., Toyota Motor Corp., Toyota Material Handling USA, Toyota Motor Corp, Australia LTD, United Air Lines, Western Ground Services, Inc., for Defendants.

## MEMORANDUM OPINION AND ORDER

DAVIS, District Judge.

Before the Court are Toyota Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the Northern District of Texas, Fort Worth Division, (Docket No. 65) and the related briefing. Having considered the parties' written submissions, the Court **DENIES** the motion.

## BACKGROUND

Delores Bolt ("Bolt") filed this lawsuit in the Eastern District of Texas after decedent James Bolt was found asphyxiated and lodged in the wheel-well of a Toyota-made airport tug at DFW Airport. James Bolt was repairing the tug when he died. Bolt filed products liability claims alleging design and manufacturing defects against several Toyota entities. Bolt also filed claims against United Air Lines, Inc., the tug's owner, alleging that United was negligent in its training and supervision of maintenance personnel. Toyota filed a cross-claim against United on the same grounds. United filed a third-party complaint against James Bolt's employer, Western Ground Services, alleging that Western may be liable to United under an indemnity agreement and that Western was negligent in its training and supervision of maintenance personnel. Toyota also filed a third-party complaint against Western alleging that Western failed to adequately train and supervise its maintenance employees.

Bolt filed this case on June 30, 2003, and the Court originally scheduled trial for November of 2004. United's bankruptcy proceedings slowed the case's progress toward trial, and the parties were not ready for trial in November. After the bankruptcy court lifted the stay related to United's bankruptcy, this Court put the case on an expedited trial schedule. The case is currently set for jury selection on April 18, 2005.

## APPLICABLE LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re. Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004). If so, under section 1404(a), a court examines "the convenience of the parties and witnesses." *Id.* The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id.* The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id.* The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id.* A court should also consider the plaintiff's forum choice, but the plaintiff's

forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't,* 337 F.3d 429, 434 (5th Cir.2003); *Z–Tel Communications, Inc. v. SBC Communications, Inc.,* 331 F.Supp.2d 567, 571 (E.D.Tex.2004) (Folsom, J.). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims. *In re Volkswagen,* 371 F.3d at 204.

## VENUE IN THE NORTHERN DISTRICT OF TEXAS

Federal jurisdiction of this case is premised on diversity jurisdiction. Therefore, this case could have been brought in: (1) a judicial district in which any defendant resided if all defendants resided in the same district; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a judicial district in which a substantial part of the property at issue was located; or (3) if there is no other district in which the action could have been brought, in a judicial district in which any defendant was subject to personal jurisdiction when the action was commenced. 28 U.S.C. § 1391(a).

Bolt does not deny that she could have brought this case in the Northern District. Given that James Bolt died in the Northern District while working for Western on a United-owned tug, it is easily conceivable that at least one defendant was subject to personal jurisdiction in the Northern District. Because the case could have been brought in the Northern District, the Court turns to the public and private interest factors.

## APPLICATION OF THE TRANSFER FACTORS

■ The transfer factors must be applied to all claims brought in this case. *See In re Volkswagen,* 371 F.3d at 204.

This case involves claims that Toyota produced a product with design and manufacturing defects, that United and Western failed to adequately train and supervise their maintenance personnel, and that James Bolt was negligent when he worked on the tug. Although several factors support transfer, the Court finds that the reasons to retain the case in the Eastern District outweigh the reasons to transfer.

### The Private Factors

(1) The plaintiff's forum choice.

While the plaintiff's forum choice is neither controlling nor determinative, it is a factor to be considered. *In re Horseshoe Entm't,* 337 F.3d at 434. Although Bolt resides in Colorado, Bolt chose to bring her suit in the Eastern District.

(2) The relative ease of access to sources of proof.

Proof relating to the tug's design and manufacture is not located in the Eastern or Northern District. Proof relating to United's and Western's alleged failure to adequately train their personnel is likely located in either the Northern District or Colorado, where James Bolt's employment was based. Proof relating to James Bolt's death, such as medical or investigative reports and any witness accounts of the circumstances just prior to or just after his death, is in the Northern District. Because medical and investigative reports can easily be sent to the Eastern District, this factor only slightly favors transfer.

(3) The availability of the compulsory process to secure witnesses' attendance.

The parties have not identified any unwilling witnesses that would be subject to compulsory process in the Northern District but not in the Eastern District. As such, this factor does not support transfer.

(4) The willing witnesses' cost of attendance.

Marshall is located approximately 180 miles from Fort Worth. Although Marshall does not have an airport, Marshall is approximately 60 miles from Tyler, Texas, which has an airport with daily flights to and from DFW Airport. Marshall is approximately 40 miles from Shreveport, Louisiana, which also has an airport with daily flights to and from DFW. Witnesses relating to the tug's manufacture and design and witnesses relating to any training Western performed in Colorado will not be substantially more inconvenienced to attend trial in Marshall than in Fort Worth. Trial in Marshall will require an additional connecting flight and a one-hour drive; both forums will likely require that these witnesses remain overnight.

Witnesses from the Fort Worth area will be more inconvenienced in the Eastern District than in the Northern District. It is unclear how many witnesses this could affect as there were no witnesses to James Bolt's death. There may be witnesses from the Fort Worth area that testify about the training of maintenance personnel or that responded to the scene of his death. Bolt argues that few, if any, of the witnesses from the scene will be called to testify at trial. To the extent witnesses from Fort Worth will be called at trial, this factor favors transfer.

(5) All other practical problems that make the case's trial easy, expeditious, and inexpensive.

James Bolt died in 2002, and this case has been awaiting trial since it was filed in 2003. Trial is currently scheduled for April of 2005. If this Court retains the case, the parties will go to trial in five months. If the case is transferred, the parties will, more than likely, have a much lengthier wait to finally resolve this case.

This consideration heavily weighs against transfer.

*The Public Factors*

(1) The administrative difficulties flowing from court congestion.

Toyota argues that this factor supports transfer because the Court has allocated only three days for trial due to the Court's heavy caseload. The Court allocated only three days because it is this Court's experience that a trial of this sort is conducted most efficiently in three days, not because the Court is unable to preside over a longer trial. Because of the issues related to United's bankruptcy proceedings, this case has languished before the Court since June of 2003. It is set for trial in April of 2005, a mere five months from now. There is no guarantee that if the case is transferred it could still go to trial next spring. Accordingly, this factor strongly favors retaining the case.

(2) The local interest in having local issues decided at home.

Relying on *Volkswagen*, Toyota argues that this case should be transferred because it involves an accident that happened in Fort Worth, some of the defendants have employees in Fort Worth, and James Bolt was working in Forth Worth when he died. Bolt argues that because the alleged wrongs of design and manufacture did not occur in Fort Worth, the Northern District does not have a greater local interest in resolving the dispute than the Eastern District.

This case is distinguishable from *Volkswagen*, which involved products liability claims brought by the plaintiff and a negligence claim brought by the defendants against third parties arising out of a car accident. *See In re Volkswagen*, 371 F.3d at 202. In *Volkswagen*, the plaintiff's daughter had been injured in a car accident with another vehicle, and the plaintiff

sued her daughter's car's manufacturer alleging that the vehicle was inherently unsafe. *Id.* Volkswagen, the car's manufacturer, filed third-party claims against the other vehicle's owner and driver. *Id.* These third-party claims were strongly related to the transferee forum as they raised the issue of fault in the accident and necessitated the testimony of witnesses from the transferee forum. *See id.* at 204. The third-party claims also implicated a crime that had been committed in the transferee forum. *Id.* at 202 (explaining that one of the third-party defendants had been convicted of intoxication assault for his role in the accident).

In *Volkswagen,* the Fifth Circuit held that, although the products liability claims may have been properly tried in a different forum from the car accident, once the third-party claims were brought, they required the case be transferred because of their strong ties to the accident's location. *Id.* at 205–06. Products liability claims invariably raise issues relating to the plaintiff's own conduct and require proof that will most likely be located at the place of injury. Even so, in *Volkswagen,* the Fifth Circuit implicitly recognized that a products liability case may be brought in a forum in which the injury did not occur. *Id.* Thus, *Volkswagen* raises the question of when do additional claims present issues that outweigh a plaintiff's forum choice in a products liability case.

Apart from the issues inherent in any products liability case, this case is related to the transferee forum because James Bolt or other maintenance personnel may have received some training there, implicating either Western's or United's negligence. But, it is unclear how much, if any, training was done in the Northern District. For Western's part, the training may have been done in Colorado, and it is unclear where United's training, if any, occurred.

Further, unlike *Volkswagen,* this suit does not involve a party's criminal acts that occurred outside the chosen forum. Thus, it is unclear that the Northern District has a greater interest in deciding this case. Accordingly, this factor is neutral.

(3) The forum's familiarity with the governing law.

This case has been pending before this Court for sixteen months and is set for trial in five months. This Court has issued orders directing the appropriate service methods on foreign defendants and ruled on various motions to dismiss. Accordingly, this Court has become very familiar with the relevant facts and governing law. This factor weighs against transfer.

(4) The avoidance of unnecessary conflict of law problems involving foreign law's application.

Because the current and potential forum are both located within the state of Texas, both forums will face identical conflict of law problems, if any are presented. This factor does not support transfer.

## CONCLUSION

The Court recognizes this is a close call, but finds that it should retain the case. Although James Bolt died in the Northern District and may have received training there that may be relevant to the negligence claims against United or Western, the Court finds that the products liability allegations outweigh the negligence claims' connection to the Northern District. And given the risk of delay in a case that has already endured much delay, the Court finds that it should retain the case. Accordingly, the Court **DENIES** Toyota's motion.