**Ronald D. BEAVERS**

v.

**EXPRESS JET HOLDINGS, INC.**

**No. 1:05–CV–635.**

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 8, 2005.

Jason M. Byrd, Beaumont, TX, for Plaintiff.

Samantha Barlow Martinez, Houston, TX, for Defendant.

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

CLARK, District Judge.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge for pretrial proceedings under Referral Order RC–72.1. The court has received and considered the Report of the United States Magistrate Judge pursuant to such order.

The magistrate judge recommends that the court grant defendant's motion and transfer venue to the United States District Court for the Southern District of Texas, Houston Division. No objections to this recommendation have been filed. The court otherwise finds the magistrate judge's report to be correct and the report is **ADOPTED**. It is further

**ORDERED** that plaintiff's motion to transfer venue (Docket No. 8) is **GRANTED**. It is

**ORDERED** that this case is **TRANSFERRED** to the Southern District of Texas, Houston division. The purpose of the referral having been served, it is further

**ORDERED** that the reference to the magistrate judge is **VACATED**.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

This action, assigned to the Honorable Ron Clark, district judge, is referred to the undersigned magistrate judge for pretrial proceedings pursuant to Referral Order RC–72.1. When injunctive or case-dispositive issues arise before trial, the referral order and the governing statute [1] direct the magistrate judge to submit a written report with proposed findings, conclusions, and a recommended disposition.

Defendant moves the court to transfer this action to the United States District Court for the Southern District of Texas, Houston Division. There is a split of authority as to whether a motion to transfer venue is one that—absent consent of the parties—magistrate judges may (a) hear and determine, or (b) only recommend an appropriate disposition via a written report.[2] In absence of governing circuit

---

1. See 28 U.S.C. § 636(b)(1).

2. Compare, e.g., *Meier v. Premier Wine & Spirits, Inc.*, 371 F.Supp.2d 239, 244 (E.D.N.Y. 2005); *McEvily v. Sunbeam–Oster Co., Inc.*, 878 F.Supp. 337, 340 (D.R.I.1994); *O'Brien v. Goldstar Technology, Inc.*, 812 F.Supp. 383 (W.D.N.Y.1993); *Holmes v. TV–3, Inc.*, 141 F.R.D. 697 (W.D.La.1991) (each holding that

precedent, the undersigned elects to submit a report. If defendant's motion is granted, the order will be dispositive at least insofar as this court is concerned. Moreover, submitting a report preserves the ultimate prerogative of the presiding district judge.

## I. NATURE OF SUIT; PARTIES

This is a private cause of action under the Americans with Disabilities Act of 1990(ADA).[3] Plaintiff claims that his employer discriminated against him based on his unspecified disability. Plaintiff further alleges that defendant retaliated against him because he made unspecified complaints about defendant's "unlawful discrimination, a hostile work environment, and wrongful termination." Pl.'s Pet at 2. Plaintiff seeks an award for lost wages, pecuniary losses, past and future emotional suffering, attorneys fees, and punitive damages, all in the amount of $800,000.00.

Plaintiff is Ronald K. Beavers, whose complaint does not state his residence. Plaintiff alleges that he was employed as a flight attendant for three years, but his unspecified disability now limits him to ground duty. He asserts that he applied for ground duty, but was not selected. Plaintiff avers that he, therefore, was forced to resign. Plaintiff alleges that his employer failed to reasonably accommodate his disability. His complaint does not aver what plaintiff contends would have been a reasonable accommodation.

Defendant is ExpressJet Holdings, Inc. (Holdings), owner of a subsidiary, ExpressJet Airlines, Inc., (ExpressJet). ExpressJet does business as Continental Express. Defendant's principal place of business is in Houston, Texas.

## II. MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a) and 42 U.S.C. §§ 2000e–5(f)(3), defendant requests the court to transfer venue to the Southern District of Texas, Houston Division. As grounds, defendant asserts that (1) Houston, Texas, is where the alleged unlawful employment practice occurred; (2) All relevant records and other evidence are located in Houston; (3) Plaintiff worked in Houston; and (4) Plaintiff's employer, ExpressJet, and its parent, Holdings, have their principal offices in Houston. Def.'s Mot. to Transfer Venue at 4.

Plaintiff filed no response in opposition to defendant's motion.

## III. DISCUSSION AND ANALYSIS

### A. Venue in ADA Actions

ADA declares discrimination against employees with disabilities to be an unlawful employment practice and creates enforceable standards to prevent such unfair treatment by employers. The goals of the ADA are to assure equal opportunity and economic stability for individuals who suffer from physical or mental disabilities. 42 U.S.C. § 12101. To promote the salutary purposes of the Act, Congress authorized private enforcement causes of action. 42 U.S.C. § 12117. The Act incorporates by reference the special venue provisions that Congress enacted for Title VII employment discrimination actions. Those

---

magistrate judge has authority to order a change of venue), with *Campbell v. United States Dist. Ct.,* 501 F.2d 196 (9th Cir.1974); *Outlast Technologies, Inc. v. Frisby Technologies, Inc.,* 298 F.Supp.2d 1112 (D.Colo.2004) (each holding that ordering a change of venue is dispositive).

3. Pub.L. No. 101–336, § 2, 104 Stat. 328 (1990) (codified at 42 U.S.C. §§ 12101—12213).

provisions establish venue for private employment discrimination actions in:

1. any judicial district in the State in which an alleged unlawful employment practice was committed;

2. the judicial district where employment records relevant to such alleged practice are maintained and administered;

3. a judicial district where the aggrieved person would have worked but for the alleged unlawful employment practice; or

4. the judicial district in which the respondent has his principal office (when the respondent is not found within any district enumerated above).

See 42 U.S.C. § 2000e–5(f)(3).[4]

The provision further references general venue statutes, *viz.*, Sections 1404 and 1406 of Title 28, United States Code, as follows:

> For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e–5(f)(3). The governing court of appeals construes this statutory cross-reference to the general venue statutes as *"indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 ... also ...appl[y] ... in this [type of] case."* In re Horseshoe Entm't, 337 F.3d 429, 433 (5th Cir.2003).

■ These general venue statutes permit transfers of venue in the interest of justice and for convenience of witnesses and parties (Section 1404), and further allow for cures or waivers of defects in venue (Section 1406). Therefore, even when an ADA plaintiff brings an action in a court of proper venue under Title VII's liberal standards, the court may transfer venue to another court for convenience of the witnesses and parties, and in the interest of justice pursuant to Section 1404. Conversely, when an ADA plaintiff brings suit in the wrong district or division, the court may cure the defect or determine that the defendant has waived the defect pursuant to Section 1406.

## B. Effect of Failure to Respond

■ Local rules of court require a party who opposes a motion to file a formal response. E.D. Tex. Local R. CV–7(d). Such response must be filed within 12 days from the date the motion was served on the party. *Id.* at CV–7(e). In absence of a timely response, the court can deem a failure to respond as no opposition, and therefore, grant a defendant's motion. *Guilbeaux v. 3927 Foundation, Inc.*, 177 F.R.D. 387, 389 (E.D.Tex.1998) (Schell, C.J.); *Neu v. Home Depot U.S.A., Inc.*, No. 4:04cv390, 2005 WL 2656115, at *3 (E.D.Tex.2005); *Cornell v. Pleasant Grove Indep. School Dist.*, No. 5:05cv123, 2005 WL 2277396, at *1 (E.D.Tex.2005).

## C. Application

Plaintiff's failure to file a timely opposition is, without more, a sufficient basis for

---

**4.** Verbatim, Title VII's special provision states:

> Such an action may be brought in *any judicial district in the State in which the unlawful employment practice is alleged to have been committed,* in the *judicial district in which the employment records relevant to such practice are maintained and adminis-* tered, or in the *judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice,* but if the respondent is not found within any such district, such an action may be brought within *the judicial district in which the respondent has his principal office.*

42 U.S.C. § 2000e–5(f)(3)(emphasis added).

the court to grant defendant's motion as unopposed. However, the court should exercise caution when considering whether to grant the defendant's motion for that reason, or for a similar reason that plaintiff failed to carry his burden of establishing that this court is an appropriate venue. Defendant's motion itself avers that the alleged unlawful employment practices occurred in Texas, and—given the special venue provisions applicable to ADA cases—this fact alone is sufficient to establish venue in any district of the state, including this district.

■ Therefore, in an abundance of caution, the court should concentrate more on the merits of defendant's motion rather than on plaintiff's omissions and defaults. The moving party bears the burden of demonstrating why the forum should be changed, *"and the burden is a strong one as to proving that the convenience factors clearly favor such a change."* Hanby v. Shell Oil Co., 144 F.Supp.2d 673, 676 (E.D.Tex.2001) (Cobb, J.). Consequently, as a matter of prudence and restraint, the court should engage in a conventional venue analysis to satisfy itself that granting defendant's motion is in the interest of justice and for convenience of parties and witnesses.

■ As a practical matter, Section 1404(a) comes into play only when the forum chosen by plaintiff is a proper venue. Thus, an initial principle to bear in mind is that plaintiff's choice of forum is entitled to deference. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Vasquez v. Bridgestone/Firestone, Inc.,* 325 F.3d 665, 672 (5th Cir.2003). This factor is held in varying degrees of judicial esteem. *Garner v. Wolfinbarger,* 433 F.2d 117, 119 (5th Cir. 1970). But there can be no debate that it is one to be considered. *In re Horseshoe,* 337 F.3d at 434. However, in and of itself,

"it is neither conclusive nor determinative." *Id.* Further, the court should not confuse it with a pragmatically-related factor of "location of counsel," which is irrelevant and improper for consideration. *Id.*

Ultimately, Section 1404(a) analysis boils down to whether other convenience factors substantially outweigh the plaintiff's choice of forum. When applying the provisions of Section 1404(a), the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed. Here, the southern district of Texas, Houston division, undoubtedly is a forum in which the action might have been brought because it is where the plaintiff was employed when the alleged unlawful employment practices occurred. It also is where the records relevant to such employment practices are maintained, and it is the location of the defendant's principal place of business. These match precisely the special venue factors that Congress provided for ADA cases. Moreover, the court may infer from the above that the southern district is where the majority of witnesses with knowledge of relevant events likely are located.

■■ The court next turns to the language of Section 1404(a) which speaks to issues of "convenience of parties and witnesses" and "the interest of justice." *In re Volkswagen, AG,* 371 F.3d 201, 203 (5th Cir.2004). The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id.; Bolt v. Toyota Motor Corp.,* 351 F.Supp.2d 597, 599 (E.D.Tex.2004). Private interest factors include:

1. relative ease of access to sources of proof;

2. availability of compulsory process to secure attendance of witnesses;

3. cost of attendance for willing witnesses; and

4. all other practical problems that make trial of a case easy, expeditious and inexpensive.

Public interest concerns include:

1. administrative difficulties flowing from court congestion;

2. local interest in having localized interests decided at home;

3. familiarity of the forum with the law that governs the case; and

4. avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen,* 371 F.3d at 203.

In the present case, defendant asserts no public interest concerns that favor transfer. Thus, the merits of defendant's motion hinge entirely on whether private interest factors substantially outweigh the plaintiff's choice of forum. Applying these private interest factors, the court should conclude:

- Although the Beaumont division of the eastern district (where the action is filed) is not a far distance from the Houston division of the southern district, one must conclude that the *relative* ease of *access to sources of proof* favors transfer to the southern district.

- *Availability of compulsory process* to secure attendance of witnesses slightly favors transfer. This court's subpoena power extends without the district to a distance of 100 miles. Fed. R.Civ.P. 45(b)(2). This covers a large part of the Houston, Texas, area, including the downtown business district and Bush International Airport. However, it does not cover the entire Houston area, whereas the southern district's subpoena power does.

- *Cost of attendance for willing witnesses* is less in the southern district. Travel of Houston area witnesses to and from trial involves less distance if the trial occurs in Houston, and the specter of witnesses having to arrange overnight lodging and pay subsistence is less if the trial occurs in Houston.

- The record and pleadings reflect no other practical problems that would make the trial of this case more easy, expeditious and inexpensive.

In sum, the defendant succeeds in showing that three of the four private interest factors favor transfer. The defendant fails to show that any public interest factors favor transfer. This presents a close question as to whether defendant has carried its strong burden. Considering, however, that the private convenience factors generally favor transfer; the plaintiff does not oppose transfer; and that the record suggests no other factors that argue for or against transfer, the balance should be weighed in defendant's favor.

### IV. RECOMMENDATION

The court should grant defendant's motion and transfer venue to the United States District Court for the Southern District of Texas, Houston Division.

### V. OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on

grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

November 15, 2005.