**Ernest PAYTON, Plaintiff,**

v.

**SAGINAW COUNTY JAIL, Defendant.**

**Case No. 09–14288.**

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 12, 2010.

Ernest Payton, Saginaw, MI, pro se.

Christina M. Grossi, Lawrence W. Smith, Jr., Gilbert, Smith, Saginaw, MI, for Defendant.

### ORDER VACATING MAGISTRATE JUDGE'S ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE

DAVID M. LAWSON, District Judge.

Ernest Payton, while residing in the Saginaw County jail, filed an action under 42 U.S.C. § 1983 challenging the conditions of his confinement as violating his rights under the Constitution. Payton filed his lawsuit in the Southern Division of this Court, despite his apparent residence in Saginaw County, which is in the Northern Division. The defendant also is located in the Northern Division of this Court.

The Court entered an order referring all pretrial matters to Magistrate Judge Mark Randon. The defendant filed a motion to dismiss or in the alternative to transfer venue to the Northern Division. Judge Randon entered an order granting the motion on March 22, 2010. The plaintiff resisted the motion, arguing that he would be disadvantaged by litigating in the Northern Division, which is where the defendant's attorneys are located.

The magistrate judge's power to act in such cases is derived from 28 U.S.C. § 636, which in part states as follows:

Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). The magistrate judge in this case concluded that he had authority to determine the matter instead of furnishing a report an recommendation, even though the defendant sought dismissal as an alternative form of relief in its motion, because a motion to transfer venue is not listed among the exceptions in the statute quoted above. Magistrate judges in other courts have come to similar conclusions, reasoning that venue transfer motions do not address the merits of the case, but only the forum where an action is adjudicated, and therefore such motions are not "dispositive." *See Dunn & Fenley, LLC v. Diederich*, 2010 WL 28662, at *2 (D.Or. Jan. 5, 2010) (citing *Holmes v. TV–3, Inc.*, 141 F.R.D. 697, 697 (W.D.La.1991); *Paoa v. Marati*, No. 07–00370, 2007 WL 4563938 (D.Haw. Dec. 28, 2007)).

The question is far from settled, however. In *Beavers v. Express Jet Holdings, Inc.*, 421 F.Supp.2d 994 (E.D.Tex.2005), the court acknowledged that other courts had held that venue transfer motions were dispositive and therefore the magistrate judge addressed the motion by report and recommendation. *Id.* at 995–96, 996 n. 2

(citing *Campbell v. United States Dist. Ct.,* 501 F.2d 196, 207 (9th Cir.1974); *Outlast Technologies, Inc. v. Frisby Technologies, Inc.,* 298 F.Supp.2d 1112, 1114 (D.Colo. 2004) (each holding that ordering a change of venue is dispositive)). Other courts have followed that course. *See, e.g., Autodesk Canada Co. v. Assimilate, Inc.,* No. 08–587, 2009 WL 3151026 (D.Del. Sept. 29, 2009); *ICHL, LLC v. NEC Corp. of America,* 2009 WL 1748573, *1 (E.D.Tex. June 19, 2009); *Forest Laboratories Inc. v. Cobalt Laboratories Inc.,* No. 08–21–GMS–LPS, 2009 WL 605745 (D.Del. Mar. 09, 2009).

■ The Court believes that the most accurate measure of whether an order on a motion is "dispositive" is not whether the merits of the dispute are adjudicated, but whether activity in the case *in that forum* is terminated. That was the approach taken by the Third Circuit when deciding whether a magistrate judge had authority to determine a motion to remand. *In re U.S. Healthcare,* 159 F.3d 142, 145 (3d Cir.1998). In that case, the court acknowledged that remand motions were not listed among the exceptions in section 636(b)(1)(A). Instead, the court looked to the consequences to the parties of granting such a motion:

> It is clear that 28 U.S.C. § 636(b)(1)(A) does not in terms preclude a magistrate judge from hearing and determining a motion to remand a case to a state court. Nevertheless, because a remand order is dispositive insofar as proceedings in the federal court are concerned, the order is the functional equivalent of an order of dismissal for purposes of that section. While we recognize that after a remand a case may go forward in the state court, still the order for remand conclusively terminates the matter in the federal court against the will of the party who removed the case.

*Id.* at 145.

■ An order transferring venue has a similar effect on the litigation. Although the parties may proceed in a different forum, the plaintiff is deprived of his chosen forum and is forced to litigate elsewhere. The order is the functional equivalent of a dismissal of the case—albeit without prejudice—in that forum. That outcome may be determinative to some plaintiffs, especially some *pro se* plaintiffs, who may not have the resources to take their cases on the road. Decisions with consequences of that character ought to be made in final form by Article III judges, even when the able assistance of a magistrate judge is sought. *See United States v. Raddatz,* 447 U.S. 667, 683, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) (stating that "although the statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants,' that delegation does not violate Art. III so long as the ultimate decision is made by the district court" (citation omitted)).

The Court concludes that the magistrate judge did not have the authority to enter the order transferring venue out of Southern Division of this Court.

Accordingly, it is **ORDERED** that the magistrate judge's order granting the defendant's motion to change venue [dkt. # 28] is **VACATED**.