Larry A. PAVAO, Plaintiff,

v.

UNIFUND CCR PARTNERS, a New York Partnership; Law Offices of Kenosian & Miele, LLP, Defendants.

Civil No. 12cv2641 IEG(RBB).

United States District Court,
S.D. California.

March 29, 2013.

Patric Alexander Lester, Patric Lester & Associates, Scott M. Grace, Luftman Heck & Associates LLP, San Diego, CA, for Plaintiff.

Tomio B. Narita, Robert Travis Campbell, Simmonds & Narita, LLP, San Francisco, CA, for Defendants.

## ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

RUBEN B. BROOKS, United States Magistrate Judge.

■ Plaintiff Larry Pavao brought this action against Defendants Law Offices of Kenosian & Miele, LLP, and Unifund CCR Partners, a New York Partnership, alleg-

ing violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), California Civil Code section 1788 et seq. (Compl. 1–6, ECF No. 1.) Defendants filed an Answer [ECF No. 4]; there, they stated that "Defendants lack information or knowledge sufficient to form a belief as to whether venue is proper." (Answer 2, ECF No. 4.) Subsequently, an early neutral evaluation was scheduled in this case [ECF No. 7]. At the scheduled conference, the Court and the parties discussed venue, and the Court directed Plaintiff file a brief to show cause why this case should not be transferred to another district [ECF No. 12]. Plaintiff filed his Response in Opposition to the Order to Show Cause on February 26, 2013 [ECF No. 13]. Defendants filed a Reply [ECF No. 14]. For the following reasons, the Court transfers this case to the Northern District of California, San Jose Division.[1]

## I. Background

Plaintiff Larry Pavao is a natural person residing in Santa Clara, California. (Compl. 3, ECF No. 1.) Pavao alleges that on December 29, 2011, Defendants attempted to collect a consumer debt by filing a lawsuit against him in the Superior Court of California, Santa Clara County, titled *Unifund CCR Partners v. Larry Pavao aka Larry A. Pavao Sr.*, Case No. 111CV215775.[2] (*Id.* Attach. # 2 Ex. A.) Plaintiff claims the Defendants' conduct violated the FDCPA and the Rosenthal Act because the state lawsuit was filed after the applicable statute of limitations had expired. (Compl. at 3–5, ECF No. 1.)

Plaintiff has alleged that Defendant Unifund CCR Partners is a New York Partnership. (*Id.* at 2.) Defendant Law Offices of Kenosian & Miele, LLP is located in Los Angeles, California. (*See id.* Attach. # 2 Ex. A at 2.) Pavao alleges that because "Defendants do business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendants for purposes of this action." (Compl. 2, ECF No. 1.)

## II. Legal Standard

■■■ Under 28 U.S.C. § 1404, a district court "[f]or the convenience of parties and witnesses, in the interest of justice, may transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C.A. § 1404(a) (West Supp.2012). Section 1404(a) "partially displaces the common law doctrine of forum non conveniens" with respect to transfers between federal courts. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). In passing § 1404(a), Congress "intended to

---

1. Because an order transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case, it is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *Corrinet v. Burke*, No. 6:11–cv–06416–TC, 2012 WL 1952658, at *6 (D.Or. Apr. 30, 2012); *Shenker v. Murasky*, No. 95 CV 4692(NG)(RML), 95 CV 4739(NG)(RML), 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) ("An order issued by a magistrate judge transferring venue under 28 U.S.C. § 1404(a) is non-dispositive."); *Holmes v. TV–3, Inc.*, 141 F.R.D. 697, 697 (W.D.La.1991) ("Since [a motion to transfer venue] is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court.").

2. Plaintiff attached the summons and complaint in the state court action as Exhibit A, and incorporates the complaint by reference to his Complaint in this case.

permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the doctrine of forum non conveniens. *Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955). A transfer of venue pursuant to § 1404(a) may be made by motion of either party or by the court sua sponte, so long as the parties are first given the opportunity to present their views on the issue. *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir.1986) (citing *Starnes v. McGuire,* 512 F.2d 918, 934 (D.C.Cir.1974)).

> Where neither party has requested transfer, it would appear that the forum is preferred by both. Accordingly, before ordering transfer the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons for believing that this forum is most convenient or that the proposed alternative forum is inconvenient or not within the ambit of § 1404(a).

*Starnes v. McGuire,* 512 F.2d at 934; *accord Hite v. Norwegian Caribbean Lines,* 551 F.Supp. 390, 393 (E.D.Mich.1982).

The parties were given that opportunity. Although Pavao maintains that venue in the Southern District is proper, he acknowledges that "a substantial part of the events giving rise to the claim occurred [in the Northern District of California] and Plaintiff resides [there]." (Pl.'s Resp. 6, ECF No. 13.) Defendants argue that this matter should be transferred to the San Jose Division of the Northern District of California under § 1404(a). (Defs.' Reply 2, ECF No. 14.)

■■■■ The purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26–27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)). In determining whether transfer is appropriate in a particular case, courts consider factors such as (1) the plaintiff's choice of forum; (2) the parties' contacts with the forum; (3) the contacts in the chosen forum that relate to the plaintiff's claims; (4) the costs of litigation in available forums; (5) the availability of compulsory process to compel the attendance of unwilling witnesses; (6) access to evidence; (7) the interest in having localized controversies decided in that forum; (8) the unfairness of imposing jury duty on citizens in an unrelated forum; and (9) the congestion of dockets in the two districts, measured by the median number of months from filing to trial. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498–99 (9th Cir.2000); *Decker Coal Co.,* 805 F.2d at 843; *Saleh v. Titan Corp.,* 361 F.Supp.2d 1152, 1167 (S.D.Cal.2005).

■■■■ The Ninth Circuit recognizes that the "'[w]eighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.'" *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 639 (9th Cir. 1988) (quoting *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir.1979)). In addition, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice [of venue] is entitled only to minimal consideration." *Pac. Car & Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir.1968) (footnote with citations omitted).

### III. Discussion

Plaintiff's Complaint states that venue is proper "in this Court pursuant to 28

U.S.C. § 1391." (Compl. 2, ECF No. 1.) Section 1391(b) provides that venue in a civil case may be proper in a district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "in which a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C.A. § 1391(b)(1) (West Supp.2012). Where a defendant is an entity, whether or not incorporated, it shall be deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

 The Ninth Circuit applies the following three-prong test to determine whether a defendant has sufficient contacts to be susceptible to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir.2010) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

Plaintiff alleges that he resides in Santa Clara County, California, which is in the Northern District of California, and that the events giving rise to the litigation occurred there. (*See* Compl. 3, ECF No. 1; *id.* Attach. # 2 Ex. A.) The Court inquired whether the Southern District was a proper venue for this case. (Mins. & Order To Show Cause, ECF No. 12.) In his Response to the Order to Show Cause, Pavao claims that venue is proper under 28 U.S.C. § 1391(c)(2) because Defendant Unifund is deemed to reside in the Southern District for venue purposes. (Pl.'s Resp. 1–3, ECF No. 13.) Plaintiff argues that the Court has personal jurisdiction over Defendant Unifund because it has filed over 300 lawsuits in the San Diego Superior Court over the last five years. (*Id.* at 5; *id.* Attach. # 1 Lester Decl. 1–2.) Pavao argues that Unifund's contacts with California are purposeful and continuous on the basis of its court filings. (Pl.'s Resp. 5, ECF No. 13.) Plaintiff also points out that Unifund admitted personal jurisdiction in its Answer. (*Id.* at 6; *see* Answer 2, ECF No. 4.) Other than the Southern District, Plaintiff states that "the most appropriate venue would be the Northern District of California, San Jose Division." (Pl.'s Resp. 1, ECF No. 13.)

Defendants reply that the Southern District of California is not the most convenient forum for the parties or potential witnesses, and Defendants argue that the Court should transfer the case to the Northern District of California. (Defs.' Reply 2, ECF No. 14.) They point out that the only connection this case has to the Southern District is the location of Plaintiff's counsel's office. (*Id.* at 4.) Defendants observe that Plaintiff does not discuss whether venue is proper as to Defendant Kenosian & Miele, LLP. (*Id.*)

 The Court notes that Unifund may have sufficient minimum contacts with

San Diego, but "the considerations underlying personal jurisdiction are not the same as those underlying venue." *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 743 F.2d 947, 949 (1st Cir.1984); *accord United Truck & Equip., Inc. v. Curry Supply Co.*, No. CV08–01046–PHX–GMS, 2008 WL 4811368 at *11 n. 7 (D.Ariz. Nov. 5, 2008). "The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979) (holding that the court may decide the issue of venue before considering personal jurisdiction).

■ "The minimum contacts tests for personal jurisdiction is based on the minimum amount of 'fairness' required in order to comport with due process. Venue limitations generally are added by Congress to insure a defendant a fair location for trial and to protect him from inconvenient litigation." *Johnson Creative Arts, Inc.*, 743 F.2d at 949. The mere fact that Defendant Unifund may have sufficient jurisdictional contacts to reside in this district for venue purposes does not establish that the Southern District is the most convenient venue. Still, a plaintiff must demonstrate that the parties' contacts with the forum show a "specific connection" to the chosen district. *Gonzales v. Palo Alto Labs, Inc.*, No. C 10–2456 MEJ, 2010 WL 3930440, at *8 (N.D.Cal. Oct. 6, 2010). The absence of a specific connection favors transfer. *Id.*

■ The deference accorded to a plaintiff's chosen forum should be balanced against the extent of the plaintiff's and defendants' contacts with the forum, "including those relating to his cause of action." *See Pac. Car & Foundry*, 403 F.2d at 954. "If the operative facts have not occurred within the forum of original selec-

tion and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is only entitled to minimal consideration." *Id.*

■ Plaintiff resides in Santa Clara County, California; Unifund CCR Partners is a New York Partnership; and Defendant, the Law Offices of Kenosian & Miele, LLP, is located in Los Angeles, California. (*See* Compl. 1, 3, ECF No. 1; *see also id.* Attach. # 1 Ex. A at 2 (superior court complaint).) The superior court suit brought against Pavao and now alleged to be a violation of the FDCPA and the Rosenthal Act was filed in Santa Clara Superior Court. (*See* Compl. 2–6, ECF No. 1; *id.* Attach. # 1, Ex. A at 2.) The Court need not give much weight to Plaintiff's choice of venue because Pavao does not reside in the Southern District; the Defendants' contacts with the forum are not related to Pavao's action; and none of the events giving rise to his claims occurred here.

It is undisputed that this action "might have been brought" in the Northern District. *See* 28 U.S.C.A. § 1404(a). The underlying debt collection law suit was filed in the Santa Clara Superior Court, within the Northern District, and that is the forum where a "substantial part of the events" giving rise to Pavao's claims arose. *See* 28 U.S.C. § 1391(b)(2). Additionally, Plaintiff submitted evidence that Unifund filed 1772 civil cases in the Santa Clara Superior Court. (Pl.'s Resp. Attach. # 1 Lester Decl. 2, ECF No. 13.) Based on that, Unifund would be subject to personal jurisdiction in the Northern District pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2), and therefore it would be deemed to reside in the Northern District for venue purposes.

■ In evaluating the ease of access to evidence and the differences in the cost of

litigation in the two forums, the Court concludes that both factors weigh in favor of transferring the case to the Northern District. Because the events underlying the lawsuit occurred in Santa Clara County, none of the witnesses or documentary evidence are located here. At least some potential witnesses with relevant knowledge may reside in the Northern District. "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh v. Titan Corp.*, 361 F.Supp.2d at 1160. The cost of litigating this case in the Southern District likewise tilts in favor of transfer. Plaintiff will incur expenses to travel to San Diego for settlement conferences and trial. Continuing to litigate in this district could significantly increase Pavao's costs. Although Pavao's counsel's offices are in the Southern District of California, "[t]he fact that the plaintiff's counsel is located in the chosen forum is not a significant factor on a motion to transfer venue." *Weyerhaeuser NR Co. v. Robert Bosch Tool Corp.*, No. 2:11–cv–01793–JCM–GWF, 2012 WL 366967, at *3 (D.Nev. Feb. 3, 2012) (citations omitted).

The residents of the Northern District have an interest in deciding whether state courts in that district are being misused in an unfair attempt to collect stale debts. Corresponding, it is unreasonable to burden the residents of the Southern District by requiring that they sit on a jury to resolve claims of a plaintiff from Santa Clara County against a New York Partnership and a Los Angeles law firm over the filing of a collection suit in Santa Clara Superior Court. *See Saleh v. Titan Corp.*, 361 F.Supp.2d at 1167.

This forum has no connection to the case; the Plaintiff resides in the Northern District; and the underlying events occurred there; accordingly, the balance of factors weighs in favor of transfer. The Northern District is a more appropriate, convenient, and efficient venue for this matter.

## IV. Conclusion

For the reasons discussed above, the Court transfers this case to the Northern District of California, San Jose Division, pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**